IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CASE NUMBER: 4:21-CR-271-SDJ-KPJ |
| | § § § | |
| KRISTINA WYATT | § | |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge.

### I.   Background

On September 2, 2021, Defendant's counsel filed a motion seeking a psychiatric or psychological exam to determine if Defendant was suffering from a mental disease or defect rendering Defendant mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. Dkt. 17. The Court granted the motion on October 4, 2021. Dkt. 21.

Defendant was subsequently evaluated at the Federal Medical Center, Carswell, by Dr. Amor Correa in Fort Worth, Texas. A copy of the Forensic Evaluation, dated December 16, 2021, was subsequently received by the Court on December 21, 2021. The Forensic Evaluation concludes:

> In our professional opinion, Ms. Wyatt is not presently competent to stand trial. Her mental illness, specifically Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, has impaired her factual and rational understanding of the legal proceedings before her as well as her ability to communicate with her attorney with

1

> a reasonable degree of rational understanding. In our opinion, it is unlikely she will be restored to competency without further medical and psychiatric treatment. We respectfully request Ms. Wyatt remain at this facility so staff can continue to monitor her and encourage her to take medications pending the Court's decision in this case.

*See* Dkt. 25. A competency hearing was conducted on March 21, 2022. Dkt. 24. At the hearing, Defendant appeared in court with her counsel, Michelle Allen-McCoy. Neither party presented objections to Dr. Correa's opinion on competency. Neither party objected to the admissibility of the Forensic Evaluation detailing the results and findings; therefore, the Court admitted it into evidence under seal. *See* Dkt. 25.

## II.    Analysis

If, after a competency hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense, the court shall commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4241(d). The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward. *Id.* After the initial four-month period, the Attorney General may continue the defendant's hospitalization for an additional reasonable period of time until the earlier of the following two options: (1) the defendant's mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time she will attain the capacity to permit the proceedings to go forward; or (2) the pending charges against the defendant are disposed of according to law. *Id.*

Upon careful review of the opinions contained in the Forensic Evaluation, the undersigned concludes the preponderance of the evidence shows Defendant is currently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

### III.     Recommendation

For the reasons set forth above, the undersigned recommends the Court find by a preponderance of the evidence that Defendant is not competent to stand trial at this time pursuant to 18 U.S.C. § 4241. Further, the undersigned recommends the Court order Defendant be committed to the custody of the Attorney General. Upon commitment, the Attorney General should be directed to hospitalize Defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, Defendant will attain the capacity to permit the trial to proceed. *See* 18 U.S.C. § 4241(d). On or before the end of this four-month period, the Attorney General or his designee should file a report on the mental state of Defendant. *See* 18 U.S.C. § 4241(e). Upon receipt of such report, the undersigned will revisit the issue of Defendant's competency to stand trial pursuant to 18 U.S.C. § 4241(d). *See id.*

### IV.     Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this Report. *See* 28 U.S.C. § 636(b)(1)(C); FED R. CIV. P. 72(b)(2). A party who objects to this Report is entitled to a

de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 24th day of March, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE