**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO: 4:21-CR-271-SDJ-KPJ-1** |
| | § | |
| **KRISTINA WYATT (1),** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge.

On September 2, 2021, Defendant's counsel filed a motion seeking a psychiatric or psychological exam (Dkt. 17) to determine if Defendant was suffering from a mental disease or defect rendering Defendant mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The Court granted the motion on October 4, 2021. *See* Dkt. 21. Defendant was subsequently evaluated by Dr. Amor Correa at the Federal Medical Center, Carswell, in Fort Worth, Texas. A copy of the Forensic Evaluation (Dkt. 25), dated December 16, 2021, was received by the Court on December 21, 2021. The Forensic Evaluation concluded:

> In our professional opinion, Ms. Wyatt is not presently competent to stand trial. Her mental illness, specifically Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, has impaired her factual and rational understanding of the legal proceedings before her as well as her ability to communicate with her attorney with a reasonable degree of rational understanding. In our opinion, it is unlikely she will be restored to competency without further medical and

1

> psychiatric treatment. We respectfully request Ms. Wyatt remain at this facility so staff can continue to monitor her and encourage her to take medications pending the Court's decision in this case.

Dkt. 25.

On March 31, 2022, the Court held a hearing regarding Defendant's competency and recommended a finding that Defendant was not competent to stand trial because Defendant was unable to understand the nature and consequences of the proceedings against her and was unable to assist her attorney in her defense. *See* Dkt. 26. On August 24, 2022, the District Court adopted the Report and Recommendation and ordered that Defendant be committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, Defendant will attain the capacity to permit the trial to proceed. *See* 18 U.S.C. § 4241(d).

Subsequently, Defendant was reevaluated by Dr. Amor Correa, who found Defendant competent to stand trial. Dr. Correa's Forensic Evaluation (the "Second Forensic Evaluation") (Dkt. 30), received by the Court on October 21, 2022, concludes:

> Ms. Wyatt is currently competent to stand trial. She is not suffering from a mental disease or defect which would render her unable to understand the nature and consequences of the proceedings against her, to assist properly in her own defense, or to understand the consequences and significance of pleading guilty to the charges against her. The defendant does not appear to suffer from a mental disease rending her unable to understand the nature and consequences of the proceedings against her or to properly assist in her defense. On November 2, 2022, the Court held a hearing regarding Defendant's competency.

Dkt. 30.

On November 2, 2022, the Court held a second competency hearing. *See* Dkt. 29. The parties did not present any objection to Dr. Correa's opinions on competency. Further, the parties did not object to the admissibility of the Second Forensic Report.

Upon careful review of the opinions contained in the Second Forensic Evaluation, the undersigned concludes the preponderance of the evidence shows Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense. Defendant has a rational and factual understanding of the proceedings against her and has sufficient present ability to consult with her attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States*, 362 U.S. 402 (1960).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends the Court find by a preponderance of the evidence that Defendant is competent to stand trial because she understands the nature and consequences of the proceeding against her and is able to assist in her defense. *See* 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from September 2, 2021 (the date Defendant filed a Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this Report and Recommendation.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

(en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 4th day of November, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE